Defendant-appellant, David Moore, appeals from the sentence entered by the trial court subsequent to his plea of guilty to one count of drug possession in violation of R.C. 2925.11, a felony of the fifth degree.
On February 19, 1998, the appellant entered a plea of guilty to one count of drug possession. At the time he was arrested, the appellant had approximately three hundred grams of marijuana on his person. Prior to accepting the appellant's plea, the trial court advised the appellant on the record that he faced a possible prison term of up to twelve months. After the appellant entered a plea of guilty to the indictment, the trial court referred the appellant to the Probation Department for a pre-sentence investigation and report.
On March 12, 1998, the trial court sentenced the appellant to the maximum term permitted by law for a fifth degree felony — twelve months of incarceration. At the sentencing hearing, the trial court made the following findings on the record:
 One of the things that strikes me from the probation report is that you did not accept responsibility for this crime * * *.
 You have the dubious distinction of having the longest record of any 20 year old that I have had yet before me in my brief tenure on this bench.
 The Court (sic) can and will make a finding that you were on probation in Municipal Court when this offense was committed; that you have an extraordinary record, including an extensive juvenile record, that you failed to respond favorably to sanctions in the past, including juvenile court sanctions; that you have demonstrated a pattern of drug or alcohol abuse, in this case having to do with marijuana, and admitted use of marijuana at least for the past two years. The Court (sic) does not find that you are amenable to community control sanctions and, accordingly, it shall be the sentence that you be sentenced to the maximum under a fifth degree felony of twelve months incarceration.
 I should advise you that because you have been sentenced to the maximum you have appellate rights.
The trial court issued an entry which was journalized on March 17, 1998 which stated that "findings per Senate Bill 2 on this record and incorporated by reference, defendant found to be a repeat offender."
Appellant assigns the following error for our review:
 THE TRIAL COURT ERRED BY IMPOSING THE MAXIMUM PRISON TERM FOR A FIFTH DEGREE FELONY WITHOUT FINDING THAT THE APPELLANT MET THE MANDATORY STATUTORY CONDITIONS FOR IMPOSING A MAXIMUM SENTENCE PURSUANT TO R.C. 2929.14 (C).
The appellant's sole assignment of error alleges that the trial court erred by failing to expressly state on the record that the appellant committed the "worst form" of marijuana possession and/or that he posed the "greatest likelihood" of recidivism. R.C. 2929.14 (C). R.C. 2929.14 (C) states in pertinent part as follows:
 * * * the court imposing a sentence upon an offender for a felony may impose the longest term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst form of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D) (3) of this section, and upon certain repeat violent offenders in accordance with division (D) (2) of this section.
The trial court in this case did not specifically recite the "magic words" set forth in R.C. 2929.14 (C). R.C. 2929.14 (C) does not dictate the usage of such "talismanic" language, but rather requires substantial compliance with the statute. State v.Blondheim (May 27, 1998), Summit App. No. 18594. Yet, the trial court was still required to make a finding on the record that any of the following three criteria were applicable: (1) the appellant committed the worst form of drug possession, or (2) the appellant posed the "greatest likelihood" of committing future crimes, or (3) the appellant was a major drug offender or repeat violent offender as defined in sections (D) (3) and (D) (2) of R.C. 2929.14. State v. Banks (Nov. 20, 1997), Cuyahoga App. No. 72121, unreported.
In the instant case, the trial court did not state on the record whether or not it believed that the appellant committed the "worst form" of drug possession. It is clear from the record that the appellant does not qualify as either a major drug offender or repeat violent offender as those terms are defined in R.C. 2929.14 (D) (2) and (3). The trial court did indicate that the appellant had a lengthy criminal record, but this is not the same as stating on the record that the appellant had the greatest likelihood of committing future crimes. Therefore, we are constrained by the language of the sentencing statute to conclude that the trial court did not sufficiently state on the record its reasons for imposing the maximum sentence on the appellant. We, therefore, reverse the sentence imposed by the trial court and remand the case to allow the court to make the requisite finding and re-sentence the appellant in a manner consistent with this opinion.
This cause is reversed and remanded for proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMONAGLE, TIMOTHY E., P.J., and SWEENEY, JAMES D., J., CONCUR.
 ___________________________________ MICHAEL J. CORRIGAN JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22 (B), 22 (D) and 26 (A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22 (E) unless a motion for reconsideration with supporting brief, per App.R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22 (E). See, also, S.Ct.Prac.R. II. Section 2 (A) (1).